859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dazy OZOMARO, Plaintiff-Appellant,
v.
NATIONAL WATERLIFT CO., et al., Defendants-Appellees.
 No. 88-1184.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1988.
 
 1
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, and MEREDITH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff was fired from his job for submitting a false health insurance claim to the health carrier provided by his employer. Following the grievance procedure, plaintiff filed this action under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, challenging his discharge from employment. He claimed that the defendant union breached its duty of fair representation and that the defendant employer, NWL Control Systems (formerly National Waterlift Company) breached the collective bargaining agreement. Plaintiff requested monetary damages and injunctive relief.
 
 
 4
 The union was dismissed from the case by stipulation of plaintiff and the union. The district court then granted the employer's motion for summary judgment. The court decided that the plaintiff did not prove that his union breached its duty to fairly represent him and, thus, he could not recover from his employer for wrongful discharge. On appeal, plaintiff raises the same arguments and moves for appointment of counsel.
 
 
 5
 Upon review, we conclude that the district court properly granted the employer's motion for summary judgment. Plaintiff failed to establish the existence of a genuine issue of material fact and, thus, defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 6
 In this case, the union did not breach its duty of fair representation towards the plaintiff. The union filed a grievance on his behalf, seeking to obtain reinstatement even though plaintiff admitted that he submitted a false insurance claim form. The union processed the grievance through the steps provided in the agreement and presented his grievance to the membership for determination as to whether it should pursue the matter to arbitration. The membership voted not to arbitrate. This does not constitute arbitrary, discriminatory or bad faith action sufficient to establish that the union violated its duty of fair representation. See Vaca v. Sipes, 386 U.S. 171, 190 (1967); Poole v. Budd Co., 706 F.2d 181 (6th Cir.1983).
 
 
 7
 In order to recover against either the company or the union in a suit filed under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, a plaintiff must show that the company breached the agreement and that the union breached its duty of fair representation. See Hines v. Anchor Motor Freight Inc., 424 U.S. 554, 570-71 (1976) (emphasis supplied). Because plaintiff failed to identify a genuine issue of material fact as to the union's duty of fair representation, summary judgment was appropriately granted for defendant NWL Control Systems. See Bagsby v. Lewis Bros., 820 F.2d 799 (6th Cir.1987).
 
 
 8
 Accordingly, the motion for appointment of counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation